Mr. Justice Huger,
delivered the opinion of the court.
Public utility requires that innkeepers be held liable for all losses which might have been - prevented by ordinary care. Ordinary neglect is but the absence or want of ordinary care, ( Law of Bailments, 24.) Whether ordinary care was used by the innkeeper, was a question for the jury ; and unless they have found very much against the weight of evidence, their verdict is not to be disputed.
It is the doty of*nnkeepers to provide good and sufficient stable; if they do not, they are responsible for the consequences. How far the Josis in question was to be attributed to ti^Mjadnens of the stable, does not appear; but as it may RraUij,bu-te:d -to that cause: with as much propriety a?, tootherAhe defendant has no reason to complain is vJEe responsible. It was a want of ordinary 1o have ouch a stable. Whenever it be doubtful whether ordinary care has been used or not, the presumption is against the bailee. If he does not rebut the presumption of a want of ordinary care, arising from she loss of the goods bailed, he is responsible,
It has been held, that when the goods of the guest, were placed in a chamber and the key- delivered to him, that the innkeeper tras nevertheless responsible for their loss. (Moor 78, 158. Cro. Eliz. 285. Salk. 18.)
Had therefore the stable been properly constructed, and tne key delivered to the servants of the plaintiff, the defen-danl musí have been held responsible, The innkeeper is regarded, as exercising a public employment, all die dihirr *511 oí which, must be rigidly enforced, to prevent the nurner-ours frauds which they might have it in their power to practice with impunity.
Evans, Solicitor, (for Ermn,) for the motion.
McCord, (for Dunkin,) contra.
The motion must therefore be discharged.
Justices Colcock, Nott, Richardson and Gantt, concurred.